UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                          CASE NO. 05-51452

DAVID DREHER, SR. AND                                           CHAPTER 7
SANDRA DREHER

## OPINION

The matter before the court is the Motion for 2004 examination of David C. Dreher, Sr., filed by Laurel J. Thornby, as Trustee for Jeannie McWilliams, and the debtors' opposition thereto. Having considered the pleadings and memoranda submitted by the parties the court concludes that the Motion should be granted.

### I. FACTUAL BACKGROUND

Jeanne McWilliams commenced an arbitration proceeding by filing a Statement of Claim with the National Association of Securities Dealers against David Dreher, Sr., AIG FSC Securities Corporation, AIG SunAmerica Life Assurance Company, SunAmerica Securities, Inc., and American Skandia, on October 18, 2004, asserting damages related to investments in annuities and stocks. The causes of action included claims for constructive fraud, breach of fiduciary duty, negligence, intentional acts, gross negligence, breach of implied covenant of good faith and fair dealings, failure to supervise, suitability, malpractice and civil conspiracy. Damages of not less than one million dollars and punitive damages not less than ten million dollars were requested.

On April 8, 2005, David C. Dreher, Sr., and Sandra M. Dreher filed a petition for relief

under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Mississippi. The arbitration proceeding was stayed in accordance with the automatic stay provisions of 11 U.S.C. § 362. Jeanne McWilliams died in May of 2005, and Laurel J. Thornby was substituted in the arbitration proceedings as Trustee of the Jeanne C. McWilliams Revocable Trust 2000.

Laurel J. Thornby, as Trustee for Jeannie McWilliams, filed a Motion for 2004 Examination of David C. Dreher, Sr. to "inquire as to the acts, conduct and liabilities of David C. Dreher, Sr., and regarding David C. Dreher, Sr.'s right to discharge of the claims of Laurel J. Thoronby." Thornby also filed a motion to extend the deadline to file a complaint objecting to Dreher's discharge which stated, "That the losses . . . sustained by Jeannie McWilliams may have been caused as a result of fraud on the part of the Debtor, David C. Dreher, Sr., the Plaintiff is uncertain as to whether she has a valid complaint under Section 523 and would like to conduct discovery in the form of a Rule 2004 Examination of Debtor prior to filing such a Complaint." An order has been entered granting an extension.

The debtors have objected to the motion for 2004 examination arguing that the motion should be denied because the dispute involves a contested matter subject to Rule 9014, that there is no reason to discover what is already known or believed by Thornby, that the motion is unduly harassing and burdensome because there are no damages, and because claims are barred by applicable statutes of limitation.

The parties submitted briefs to the court on the issues of whether Thornby's motion for 2004 examination should be granted.

## II. CONCLUSIONS OF LAW

The court has jurisdiction over the parties and the subject matter in this proceeding pursuant to 28 U.S.C. § 1334 and § 157. The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157.

Federal Rule of Bankruptcy Procedure 2004 provides, in part:

**Rule 2004. Examination**.
(a) EXAMINATION ON MOTION. On motion of any party in interest, the court may order the examination of any entity.
(b) SCOPE OF EXAMINATION. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.
. . .

Fed. R. Bankr. P. 2004(a), (b).

Thornby asserts that it needs to conduct a Rule 2004 examination in order to "file a claim of non-dischargeability as 11 U.S.C. § 523(d), requires that any such claim be substantially justified and further states that the court may award costs and reasonable attorney's fees if the complaint is not substantially justified." Creditor's Response to Debtors' objection to Motion for 2004 Examination at 3. Thornby also asserts that the, "Debtor appears to contend that Creditor has sufficient information and potentially any and all information necessary to file a complaint objecting to dischargeability. Creditor denies that it has obtained such information and further states that the Arbitration Proceedings which began in the year 2004 did not allow such discovery. Furthermore, the elements necessary to prove a claim for non-dischargeability are not the same elements necessary to prove the claims asserted in the Complaint filed with the National Association of Securities Dealers. The arbitration complaint allows for allegations which, in

most instances, were general in nature whereas the complaint for non-dischargeability, as stated by Debtor, would require specific allegations which specifically address nondishcargeabiltiy issues identified in the Bankruptcy Code." Creditor's Response to Debtors' Objection to Motion for 2004 Examination at 3-4.

The court agrees with the arguments and authorities cited by Thornby and concludes that the motion for 2004 examination should be allowed. *See also, Chevy Chase Bank, FSB v. Wuerffel (In re Wuerffel),* 1997 WL 724525 (N.D.Ill. 1997)(the need to examine the debtor prior to filing is compelling where creditor alleges it was defrauded); *Colabianchi v. Thomas (In re Thomas),* 258 B.R. 167 (Bankr. N.D.Ohio 2001)(relevant factors court considers in determining whether the Plaintiff's position was substantially justified include whether creditor attended 341 meeting or conducted 2004 examination); *Universal Bank N.A. v. Rocco (In re Rocco),* 239 B.R. 297 (Bankr. E.D.Pa.1999)(noting that several cases in which § 523(d) motions are upheld emphasize the importance of a creditor's failure to take a 2004 examination prior to commencing a dischargeability proceeding); *People's Bank v. Poirier (In re Poirier),* 214 B.R. 53 (Bankr. D.Conn.1997)(in view of the "substantial justification" language of Section 523(d), a plaintiff ignores at its peril the availability and benefit of witness examination devices); *ePlus, Inc. v. Katz (In re Metiom, Inc.),* 318 B.R. 263 (S.D.N.Y.2004)(generally, good cause is shown if the 2004 examination is necessary to establish the claim of the party seeking the examination).

The debtors also argue that the motion should be denied on the basis that it would be unduly harassing and burdensome. The court concludes that there is no evidence presented to show that the examination would be unduly harassing or burdensome, particularly in light of Thornby's desire to justify the filing of any complaint objecting to dischargeability of claims to

guard against possible sanctions. The court concludes that other arguments, such as those relating to death benefits and to statutes of limitations are premature or irrelevant to the primary issue at this point in the proceedings.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

DATED this the 20th day of September, 2006.

EDWARD R. GAINES
UNITED STATES BANKRUPTCY JUDGE

**ATTORNEY FOR DEBTORS**:
Michael J. Gautier, Jr.
George D. Fagan
Craig M. Cousins
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163

**ATTORNEY FOR LAUREL J. THORNBY**:
R. Scott Wells
Rushing & Guice, P.L.L.C
Post office Box 1925
Biloxi, Mississippi 39533